# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Filed August 14, 2012

No. 07-1247

CENTER FOR BIOLOGICAL DIVERSITY,
PETITIONER

v.

UNITED STATES DEPARTMENT OF THE INTERIOR,
RESPONDENT

————

AMERICAN PETROLEUM INSTITUTE,
INTERVENOR

————

W. MICHAEL HANEMANN,
AMICUS CURIAE FOR PETITIONER

STATE OF ALASKA,
AMICUS CURIAE FOR RESPONDENT

CHARLES KOLSTAD; NATIONAL AUDUBON SOCIETY;
NATURAL RESOURCES DEFENSE COUNCIL; OCEAN
CONSERVANCY; OCEANA, THE WILDERNESS SOCIETY,
AMICI CURIAE FOR PETITIONER

————

Consolidated with 07-1344

————

On Petitioners' Motion for
Recovery of Costs and Attorneys' Fees

————

Before: SENTELLE, *Chief Judge*; ROGERS, *Circuit Judge*; and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: The Native Village of Point Hope, Alaska, petitions this court for reimbursement of attorneys' fees and costs surrounding the case of *Center for Biological Diversity v. Interior*, 563 F.3d 466 (D.C. Cir. 2009). The petition requests reimbursement in the amount $518,566.46 in fees and $22,954.01 in costs, for a total request of $541,520.47. The government has filed its opposition to the petition. After considering the arguments of each side, we will allow reimbursement in the amount of $192,293.07 in fees and $8,492.98 in costs, for a total reimbursement of $200,786.05.

**Background**

A comprehensive background of this case can be found in our merits opinion, *Center for Biological Diversity v. Interior*, 563 F.3d at 472-75. Here we will set forth only the facts needed to dispose of the fee petition before us. In 2007 the U.S. Department of Interior (Interior) approved a five-year program for expanding leases for offshore oil and gas development in, among other areas, the Beaufort, Bering, and Chukchi Seas off the coast of Alaska. In 2008 petitioner Native Village of Point Hope, Alaska (NVPH), "a federally recognized tribal government whose members use the Chukchi Sea coast for subsistence hunting, fishing, whaling, and gathering, as well as cultural and religious activities," *id.* at 475, along with three non-profit organizations, filed petitions for review challenging

the approval of the leasing program by Interior. NVPH in particular argued that the leasing program violated: (1) the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370f; (2) Section 18 of the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1344; and (3) Section 20 of OCSLA, 43 U.S.C. § 1346. In our merits opinion we concluded that the NEPA-based claims set forth by the petitioners were not ripe. We further concluded that petitioners' OCSLA Section 20 argument was "wholly without merit." We found meritorious, however, petitioners' argument concerning Section 18 of OCSLA, concluding that Interior's interpretation of the relevant subsection of Section 18 was irrational. We consequently vacated the leasing program affecting the Alaskan seas at issue and remanded the program to Interior to reconsider it in light of our opinion.

Our merits opinion issued on April 17, 2009. For the next two years, various filings of the parties and by this court took place: On May 11, 2009, Interior filed a rehearing petition for clarification and/or modification of the remedy. On May 29, 2009, NVPH filed its opposition to Interior's rehearing petition. On July 29, 2009, we stayed the mandate pending a new five-year program by Interior. On May 17, 2010, Interior issued its new five-year program. On April 26, 2011, we dismissed as moot the petitions for rehearing and/or clarification. And on May 10, 2011, we issued the mandate.

Pursuant to OCSLA's fee award provision, 43 U.S.C. § 1349(a)(5), NVPH now petitions this court for reimbursement of attorneys' fees and costs that it claims it incurred in this matter.

4

**Discussion**

For our discussion, the pertinent section of OCSLA states:

> A court, in issuing any final order in any action brought pursuant to [certain subsections] of this section, may award costs of litigation, including reasonable attorney and expert witness fees, to any party, whenever such court determines such award is appropriate.

43 U.S.C. § 1349(a)(5). NVPH petitions for reimbursement of attorneys' fees and costs in the amount of $541,520.47, incurred between August 22, 2007, and October 11, 2011. The government has filed its opposition, requesting that we significantly reduce the amount requested. Because the government has divided its opposition into four general categories, *i.e.*, fees incurred before our April 17, 2009, merits opinion, fees incurred after our opinion, costs, and fees incurred in preparing the fee petition at issue, we will organize our discussion in the same fashion.

*Pre-merits decision fees*

NVPH requests reimbursement for attorneys' fees in the amount of $186,952.32 incurred in this case from August 22, 2007, to April 17, 2009, the date on which we issued our merits opinion. The government argues that we should substantially reduce this amount because NVPH was only successful on one of its three claims. As noted above, NVPH made three claims during the merits phase, concerning NEPA, Section 20 of OCSLA, and Section 18 of OCSLA. NVPH was successful only on its Section 18 claim, and the government argues that NVPH cannot recover fees for work done on the two unsuccessful claims because those claims were unrelated to the successful

claim, *i.e.*, each of the three claims relied on different statutory provisions, factual premises, and types of relief sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). We addressed a similar argument in *American Petroleum Institute v. EPA*, 72 F.3d 907, 911 (D.C. Cir. 1996). In that case we concluded that the petitioners' five arguments made at the merits stage did not raise any claims different from the one on which they prevailed—"the invalidity of the regulation at issue." *Id.* So too here. Although NVPH variously sought to have Interior complete a revised Environmental Impact Statement, gather biological baseline information, and formulate a research plan for filling data gaps, all were arguments for vacating the leasing program, as we noted in our merits opinion, *Center for Biological Diversity v. Interior*, 563 F.3d at 471. We conclude that NVPH's two unsuccessful claims are not excludable because of unrelatedness.

Although we conclude that NVPH's two unsuccessful claims are not excludable because of unrelatedness, when examining these claims we must nevertheless keep in mind OCSLA's provision that any attorneys' fees award be "reasonable" and "appropriate." 43 U.S.C. § 1349(a)(5). In our merits opinion, we reviewed NVPH's OCSLA Section 20 argument that Interior violated that section by failing to complete certain research before approving the leasing program. We concluded that this argument was "wholly without merit." *Center for Biological Diversity v. Interior*, 563 F.3d at 486. Upon such a conclusion we cannot deem fees incurred in advancing NVPH's OCSLA Section 20 argument reasonable or appropriate. Consequently, the attorneys' fees incurred in putting forth this argument are not reimbursable. We will therefore first deduct the $19,560.00 that NVPH has requested specifically for its Section 20 claim. Furthermore, after making this deduction we will make a 1/3 deduction of NVPH's fee request for "general litigation" to reflect work done on this

meritless argument. *See Kennecott Corp. v. EPA*, 804 F.2d 763, 766 (D.C. Cir. 1986). We note that the 1/3 reduction corresponds roughly to the pages devoted to the Section 20 claim in NVPH's opening and reply merits briefs. (Since the billing records make it practical for us to do so, we will first subtract those fees billed specifically for the meritorious NEPA claim, make the 1/3 deduction, and then add back the specific NEPA fees.) To summarize thus far:

|  |  |
|---|---|
| Pre-merits fee requested: | $186,952.32 |
| Specific deduction for OCSLA Section 20 argument: | 19,560.00 |
| Remainder: | $167,392.32 |
| | |
| Deduction for NEPA claim: | 23,660.82 |
| Remainder: | $143,731.50 |

General deduction of 1/3 for OCSLA Section 20 argument: $143,731.50 minus $47,910.50 equals $95,821.00.

Addition for NEPA claim:      23,660.82

The total allowed for reimbursement of pre-merits-decision fees is therefore $119,481.82.

*Post-merits decision fees*

Excluding costs incurred in this case and fees to prepare its attorneys' fees petition, the remainder of NVPH's request for reimbursement of fees, according to NVPH, is for "post-opinion remedy, remand and mandate." More specifically, NVPH seeks reimbursement for a considerable amount of attorney work performed for the approximately two-year period between April 2009, when our decision issued, and May 2011, when we issued

7

the mandate.  NVPH states that its counsel spent this time period "evaluating, negotiating and briefing remedy issues, as well as ensuring that the final decision would be in line with the clients' goals."  Furthermore, according to NVPH, its counsel "embarked on an intense period of research, and internal and external discussions (i.e., between the parties)," and the status of the case during this time "necessitated close coordination between clients and counsel."  In support of its contention that such fees are reimbursable, NVPH cites *Environmental Defense Fund, Inc. v. EPA*, 672 F.2d 42 (D.C. Cir. 1982), in which we found post-decision fees compensable where: the parties participated in extensive post-decision deliberations and negotiations in order to seek a stay of the mandate; a stay was issued and jurisdiction maintained; the post-decision events were intimately related to the litigation in chief; and the continued participation of the fee petitioner in the post-decision deliberations was essential.  *Id.* at 57.

The government, in opposing NVPH's request for post-decision fees, first notes that NVPH billed over 900 hours after this court's decision, compared to approximately 600 hours before.  This post-decision fee request is so excessive, argues the government, that it should be denied in full.  The government further argues that, in any event, significant portions of NVPH's post-decision fee request should be denied because: 1) NVPH's post-decision efforts were not essential to the resolution of the case, in contrast to the determination made by the court in *Environmental Defense Fund*; or 2) the fees do not qualify as "costs of litigation" as required by OCSLA.

Ordinarily, litigation at the appellate level will end when the court issues its decision.  But we find too harsh the government's argument that NVPH's post-decision fee request should be denied in full.  As counsel for NVPH explains, most of this post-decision work was necessary in order to realize

NVPH's litigation goals, and its request for reimbursement of the fees incurred is not unreasonable. We do agree with the government, however, that many, if not most, of the post-decision fees do not qualify under OCSLA's "costs of litigation" requirement. *See* 43 U.S.C. § 1349(a)(5). In *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983), the Supreme Court explained that "[e]xcept to the extent it has waived its immunity, the Government is immune from claims for attorney's fees . . . . Waivers of immunity must be 'construed strictly in favor of the sovereign' . . . and not 'enlarge[d] . . . beyond what the language requires.'" *Id.* (citations omitted). Adhering to this reminder, in *Michigan v. EPA*, 254 F.3d 1087, 1091 (D.C. Cir. 2001), we concluded that fees incurred for filing an administrative petition were to be excluded. So too here. NVPH states that a significant amount of its attorneys' post-decision work was spent on "evaluating, negotiating and briefing remedy issues, as well as ensuring that the final decision would be in line with [NVPH's] goals." The government responds that, in contrast to *Environmental Defense Fund*, relied upon by NVPH, NVPH's attorneys never met with Interior's, there were no negotiations or joint planning, and consequently NVPH's post-decision efforts were not essential to the outcome. We agree. A review of the post-decision billing entries shows that this work does not, for the most part, qualify as "costs of litigation." Consequently, except for a small number of entries, we conclude that the post-decision work done by NVPH's attorneys is not compensable under OCSLA's fee award provision.

We nevertheless conclude that a small portion of the post-decision fees requested is reimbursable. First, after our merits decision issued, Interior filed a rehearing petition for clarification and/or modification of the remedy. NVPH filed an opposition to this petition, and the government does not dispute that NVPH is entitled to at least some of the time billed for opposing Interior's petition. We will consequently allow for

reimbursement a portion of those fees incurred between May 11, 2009, when Interior filed its petition, and May 29, 2009, when NVPH filed its opposition. The total amount claimed by NVPH for this time period is $52,830.00. The government argues that the fees claimed for this period are unreasonable, and we agree that this amount is unreasonable for responding to a petition seeking only clarification of this court's remedy. We will therefore reduce by half the amount requested, for a total of $26,415.00.

We also hold reimbursable those post-decision fees incurred for review of court documents and follow-up client explanation: 1) from April 18 to April 21, 2009, after our merits opinion issued; 2) from July 28 to July 30, 2009, after our order issued on July 28, 2009, staying the mandate; and 3) from April 26, 2011, to May 19, 2011, when we dismissed as moot the petitions for rehearing and/or clarification and issued the mandate. *See Michigan v. EPA*, 254 F.3d at 1093 (fees incurred keeping client informed of case status reimbursable). To summarize, we will allow the following post-decision fees:

| | |
|---|---|
| Fees incurred from May 11 to May 29, 2009: | $26,415.00 |
| Fees incurred from April 18 to April 21, 2009: | 9,651.50 |
| Fees incurred from July 28 to July 30, 2009: | 4,045.50 |
| Fees incurred from April 26 to May 19, 2011: | 997.50 |
| Total: | $41,109.50 |

Consequently, we will allow a total of $41,109.50 for post-decision fees.

*Fees incurred for fee petition*

NVPH requests reimbursement for preparation of its fee petition in the amount of $63,403.50, incurred for almost three weeks (109 hours) of attorney work and more than three and a

half weeks (146 hours) of legal intern work. This sums to more than six weeks of work spent on the fee petition. The government argues that this amount is unreasonable compared to other fee cases we have decided, and we agree. *See Fabi Const. Co. v. Sec'y of Labor*, 541 F.3d 407, 414 (D.C. Cir. 2008) (nearly six 40-hour weeks of attorney time spent on fee application excessive); *Am. Wrecking Corp. v. Sec'y of Labor*, 364 F.3d 321, 331 (D.C. Cir. 2004) (three 40-hour weeks spent on attorneys' fees application excessive). Consequently, as we did in *Fabi*, we will reduce the requested amount by half, resulting in an allowed amount of $31,701.75.

\* \* \* \* \* \* \*

To summarize the total amount of fees allowed:

| | |
|---|---:|
| Pre-merits decision fees: | $119,481.82 |
| Post-merits decision fees: | 41,109.50 |
| Fee petition fees: | 31,701.75 |
| Total: | $192,293.07 |

\* \* \* \* \* \* \*

*Costs*

NVPH requests reimbursement for costs in the amount of $22,954.01. The government argues that these costs appear excessive as many of the entries do not appear to be compensable as "costs of litigation." We agree that some of the costs fit this category; others, however, are associated with the attorneys' fees that we are allowing. As it is difficult to gather from the list of costs which in particular should be allowed, we will divide the amount of attorneys' fees we are allowing by the amount requested, and use that fraction to determine the costs to be allowed; *i.e.*, $192,293.07 divided by $518,566.46 equals .37.

Consequently, we will allow costs in the amount of .37 times the amount requested, $22,954.01, for reimbursable costs in the amount of $8,492.98.

## Conclusion

For the reasons stated above, we allow attorneys' fees in the amount of $192,293.07 and costs in the amount of $8,492.98, for a total reimbursement of $200,786.05.