**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-1905**

───────────────

ELIZABETH A. WOOD,

              Plaintiff - Appellant,

        v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

              Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:19-cv-01644-CMH-MSN)

───────────────

Submitted:  March 11, 2022                          Decided:  April 4, 2022

───────────────

Before THACKER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Clifford M. Farrell, MANRING & FARRELL, Columbus, Ohio, for Appellant.  Jessica D. Aber, United States Attorney, Yuri S. Fuchs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth A. Wood appeals from the district court's order adopting the magistrate judge's recommendation and upholding the Commissioner of Social Security's denial of disability insurance benefits. On appeal, Wood asserts that the Administrative Law Judge (ALJ) erred in discounting certain medical opinions in the record. We affirm.

This court must affirm a Social Security Administration disability determination if the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). This court may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (second alteration in original) (internal quotation marks omitted).

In making a disability determination, the ALJ must consider the medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature of and severity of [the claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). "Acceptable medical source" includes, in relevant part, a "[l]icensed physician" and a "licensed or certified psychologist." 20 C.F.R. §§ 404.1502(a), 416.902(a).

2

Courts generally accord greater weight to medical opinions of treating sources than to those of non-treating sources. *See Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) ("[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating physicians so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." (alteration in original) (internal quotation marks omitted)). Such weight generally is appropriate "because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (internal quotation marks omitted); *see Lewis*, 858 F.3d at 867. However, "[t]he treating physician rule is not absolute" and "[a]n ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hines*, 453 F.3d at 563 n.2 (internal quotation marks omitted).

The ALJ must consider this nonexclusive list of factors to determine what weight to give medical opinions in the record: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c) (listing factors). The ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion." SSR 96-2p, 61 Fed. Reg. 34,490, 34,492 (July 2, 1996). The evidence in the case record must support the ALJ's reasoning, and the ALJ's explanation must be

3

"sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Id.* Ultimately, the ALJ need only "give good reasons" when explaining the weight assigned to a treating physician's opinion.  *See id.*

Beginning with the medical opinion of David S. Leen, PhD, Wood argues that the ALJ failed to consider each of the 20 C.F.R. § 404.1527(c) factors.  "While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion . . . , it must nonetheless be apparent from the ALJ's decision that he meaningfully considered *each* of the factors before deciding how much weight to give the opinion." *Dowling v. Commissioner*, 986 F.3d 377, 385 (4th Cir. 2021).  Here, the ALJ appropriately noted that Leen was a PhD and had performed two consultative psychological examinations of Wood.  Further, the ALJ concluded that Leen's opinion was inconsistent with Wood's treatment records and her ability to consistently perform part-time work. Moreover, the ALJ determined that Leen unreasonably relied on Wood's subjective complaints, even when they were contradicted by the record.

Wood also asserts that the ALJ's findings were conclusory and did not explain in detail how Leen's opinions were inconsistent with the record or without support. Specifically, the ALJ allegedly failed to state which treatment records were "unremarkable," how part-time work was inconsistent with Leen's opinion, and what other evidence was inconsistent with Leen's conclusions.  However, the ALJ repeatedly stated what treatment records were unremarkable:  repeated examinations by Mahmudur Rabbi, M.D., with no evidence of depression or anxiety on mental status examination; multiple

4

mental status examinations by Wood's primary care physician; and a normal mental examination in the emergency room. The medical records do not show any further in-patient or emergency room treatment for Wood's mental illnesses after April 2016, nor do they show any suicidal ideation, manic behavior, or delusions. The ALJ also noted that Wood's mental symptoms were "fairly controlled" with conservative treatment consisting of medication and counseling and that treatment notes documented that Wood was doing better with treatment and able to plan for the future, do some housework, and help her family. The ALJ also stated that Wood's activities were inconsistent with marked mental limitations. The ALJ listed these activities as attending church, local travel, a trip to Nicaragua that included zip lining, and consistent part-time employment. Contrary to Wood's arguments, the ALJ's determination that Leen's opinion was entitled to little weight was supported by substantial evidence.

Turning to the opinion of Licensed Clinical Social Worker Victoria S. McClave, Wood concedes that McClave was not an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(d), 416.913. Thus, the ALJ was not required to consider the 20 C.F.R. § 404.1527(c) factors. In any event, the ALJ considered McClave's opinion and afforded it little weight because it was inconsistent with the evidence of record, including Wood's unremarkable treatment and mental health examinations. Moreover, McClave's own treatment notes, while recognizing that Wood suffered from anxiety, depression, frustration, sleep issues, and negative thoughts, also documented activities that are inconsistent with a determination that Wood was unable to work, including international

5

travel, zip lining, doing laundry for her family, taking on projects for other members of the family, exercising daily, having a yard sale, downsizing, and packing for a move.

Turning to Rabbi's opinion, contrary to Wood's argument, the ALJ considered the enumerated factors when considering Rabbi's opinion. The ALJ cited Rabbi's treatment notes from his psychiatric evaluations of Wood, clearly recognizing that Rabbi was a treating physician and had examined Wood numerous times. Moreover, the ALJ determined that Rabbi's opinions were not well-supported because they opined that Wood suffered from debilitating anxiety and depression even though Rabbi's own treatment notes indicated no signs of depression and virtually no signs of anxiety. While mental health can fluctuate from one day to the next, the ALJ properly noted that Rabbi's opinion was contradicted by Wood's positive responses to counseling and medication, her unremarkable mental status examinations, and her significant activities during the time period at issue.

In addition, the ALJ incorporated many of the restrictions that Leen, McClave, and Rabbi noted into Wood's residual functional capacity. Specifically, the ALJ required a "low-stress" work environment, with no fast-paced production work and limited interaction with the public and supervisors. The ALJ fully considered all the medical opinions but declined to accept certain conclusions that were inconsistent with the treatment records and mental and psychiatric examinations. Notably, the ALJ gave more weight to Leen, McClave, and Rabbi's contemporaneous observations and conclusions than to the disability forms, which contained certain conclusory questions and various check-box responses. This was entirely appropriate. *See Anderson v. Astrue*, 696 F.3d

6

790, 794 (8th Cir. 2012) ("[A] conclusory checkbox form has little evidentiary value when it cites no medical evidence, and provides little to no elaboration." (internal quotation marks omitted)).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*