PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EARL MATTHEW BIRD,

>> *Plaintiff-Appellant,*

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

>> *Defendant-Appellee.*

No. 11-1645

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(3:09-cv-02689-CMC)

Argued: September 18, 2012

Decided: November 9, 2012

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Vacated and remanded by published opinion. Judge Keenan
wrote the opinion, in which Judge King and Judge Duncan
joined.

## COUNSEL

**ARGUED:** Timothy Clardy, THE DENNISON LAW FIRM,
PC, Greenville, South Carolina, for Appellant. Thomas Henry
Kraus, SOCIAL SECURITY ADMINISTRATION, Denver,

Colorado, for Appellee. **ON BRIEF:** Carole M. Dennison, THE DENNISON LAW FIRM, PC, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Marshall Prince, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; John Jay Lee, Regional Chief Counsel, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

---

## OPINION

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, Earl M. Bird challenges the district court's judgment upholding the decision of the Social Security Administration (SSA) denying his application for disability benefits. The SSA determined that although Bird suffered from Post Traumatic Stress Disorder (PTSD), this condition was not disabling before the last date of his insurance coverage to qualify for an award of Social Security disability benefits. Bird, however, contends that he was disabled before this date. He primarily asserts that the Administrative Law Judge (ALJ) erred in failing to consider medical evidence created after the last date of his insurance coverage, and in failing to accord adequate weight to his disability determination made by the Department of Veterans Affairs (VA). Upon our review, we hold that the ALJ erred in both these respects and, therefore, we vacate the district court's judgment upholding the SSA disability determination.

### I.

Bird served in the United States Marine Corps from June 1967 to June 1970. He allegedly suffers from PTSD as a result of his combat experiences in Vietnam. After his return from Vietnam, Bird was employed in various capacities,

including as a landscaper, on a commercial fishing boat, and in construction work. Bird changed jobs somewhat frequently because he had experienced difficulty interacting with people.

From 1995 until 2001, Bird and his wife owned and operated a mobile home park in Florida. However, they sold the business in 2001 on the recommendation of the local sheriff, after Bird had engaged in repeated disagreements with tenants requiring intervention by law enforcement agents.

Bird described himself as a person who was "combative, had a hard time dealing with stress, and had difficulty interacting with people." Bird alleged that his disabling PTSD began on January 1, 2001, the date he stopped working at the mobile home park, which was several years before March 31, 2005, the last date he was insured for purposes of qualifying for Social Security benefits (DLI).

Bird applied for veterans benefits through the VA on June 9, 2006. The VA initially awarded him a 70 percent disability rating for his PTSD, which was revised on November 14, 2007, to a 100 percent disability rating (the VA rating decision). The VA rating decision was effective June 9, 2006, the date Bird applied for VA benefits.

Bird does not have any medical records dating before his DLI. The first medical evidence in the record details his June 2006 visit to a VA clinic, during which Bird reported that he had not obtained medical treatment for many years. The results of a screening test for depression administered at this first visit were negative.

The VA rating decision summarized psychological examinations performed by the VA in September 2006 and in September 2007. The report from the September 2006 examination, conducted by a licensed clinical psychologist, documented Bird's symptoms, including irritability, isolation, withdrawal from others, difficulty sleeping, frequent night-

mares, extreme vigilance, an exaggerated "startle response," suicidal ideation, and "flashbacks." Bird also related that he had not attended a movie or a sporting event since 1970, and had lost his mobile home business due to his aggression with tenants. The psychologist who conducted that examination diagnosed Bird as having PTSD, and concluded that Bird was "currently experiencing a severe level of impairment in his social and occupational functioning."

The record from the September 2007 examination, which was conducted by the same licensed clinical psychologist, again reported Bird's PTSD symptoms, including nightmares, isolation, withdrawal, and "difficulty feeling close to his wife and other members of his family." In this report, the examining psychologist noted that Bird's symptoms had persisted since his return from Vietnam. Other VA clinic notes from 2007 indicated that Bird "has a long history of anger management problems," and recorded Bird's statement that he "quit going around people" in 2001.

In July 2007, Bird was evaluated by Dr. Spurgeon Cole, a licensed clinical psychologist, who issued a report detailing his findings (the Cole Report). Bird told Dr. Cole about having witnessed significant carnage during his service in Vietnam. Dr. Cole reported Bird's description of "flashbacks," nightmares, intrusive memories, lack of sleep, significant withdrawal, and isolation. Dr. Cole opined that Bird was depressed and anxious, and concluded that his "primary problem" was PTSD. Dr. Cole further indicated that Bird did not have any friends, did not interact with his neighbors, never had any visitors in his home, did not take vacations, and was "not able to tolerate any social interactions." Dr. Cole concluded that Bird is not "capable of relating to supervisors or co-workers at any level."

Bird first applied for disability benefits with the SSA on December 19, 2006. The claim was denied both initially and upon reconsideration. At Bird's request, a hearing later was

held before an ALJ in April 2009, during which Bird testified and was represented by counsel.

In a May 2009 decision denying benefits, the ALJ found that although Bird suffered from PTSD before his DLI, his impairment was insufficiently severe to qualify him for receipt of Social Security disability benefits. In reaching this conclusion, the ALJ relied in part on the lack of medical evidence created before Bird's DLI, and the fact that the VA rating decision became effective only in June 2006, 15 months after Bird's DLI. The ALJ also assigned little weight to the Cole Report on the basis that it failed to reflect Bird's pre-DLI condition. The ALJ did not make a finding regarding whether Bird was disabled either when he applied for Social Security disability benefits or at the time of the hearing.

After Bird's request for further review was denied by the Appeals Council of the SSA, Bird filed suit in the district court in South Carolina. He attached to his district court complaint the examinations conducted by the VA in 2006 and 2007, which had been summarized in the VA rating decision. The district court adopted the recommendation of the magistrate judge and upheld the SSA's denial of benefits. Bird timely filed a notice of appeal to this Court.

## II.

When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). To establish eligibility for Social Security disability benefits, a claimant must show that he became disabled before his DLI. *See* 42 U.S.C. §§ 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a). Bird contests the ALJ's finding that he was not disabled between his proffered date of onset of PTSD, January 1, 2001, and his DLI, March 31, 2005,

arguing, among other things, that the ALJ did not give proper consideration to all the relevant evidence.

Bird first contends that the ALJ erred in failing to give retrospective consideration to medical evidence created after his DLI, namely, the evidence summarized in the VA rating decision and the Cole Report. We agree that retrospective consideration of this evidence was required.

Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI. *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987). In *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969), we held that an SSA examiner improperly failed to give retrospective consideration to evidence created between six and seven years after the claimant's DLI, because the evidence could be "reflective of a possible earlier and progressive degeneration." The possibility of such a linkage, and thus the appropriateness of retrospective consideration of medical evidence, may be enhanced further by lay observations of a claimant's condition during the relevant time period. *Id.*; *see also Cox v. Heckler*, 770 F.2d 411 (4th Cir. 1985) (remanding for consideration of post-hearing evidence given claimant's progressively deteriorating lung condition).

Our more recent decision in *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005), is further instructive of the principles we articulated in *Moore*. In *Johnson*, after the SSA administrative hearing had concluded, the claimant's treating physician submitted a new assessment identifying additional impairments that were not linked in any manner to the claimant's condition before her DLI. *Id.* at 656 & n.8. Because there was no evidence that these impairments existed before the claimant's DLI, we held that the evidence was not relevant, and that the ALJ was not required to give the new assessment retrospective consideration. *Id.* at 655-56. Thus, our holding in *Johnson* reinforces the principle applied in *Moore* that post-DLI

medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition. *See Moore*, 418 F.2d at 1226.

In *Moore*, we recognized that evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post-DLI state of health and her pre-DLI condition, could be the "most cogent proof" of a claimant's pre-DLI disability. *Id.* Accordingly, under our decisions in *Moore* and *Johnson*, retrospective consideration of evidence is appropriate when "the record is not so persuasive as to rule out any linkage" of the final condition of the claimant with his earlier symptoms. *Id.*

Applying these principles to the present case, we conclude that the ALJ should have given retrospective consideration to the Cole Report and to the report summaries underlying the VA rating decision. As discussed above, the VA rating decision summarized evidence that Bird suffered from severe symptoms of PTSD before June 2006, and before his DLI. Most notably, the September 2007 psychological examination conducted by the VA indicated that Bird's symptoms of PTSD had been ongoing since his return from military service in Vietnam.[1] Although the psychological examinations con-

---

[1] The Commissioner contends that the evidence underlying the VA rating decision shows that Bird's condition deteriorated after his DLI. For example, the Commissioner points to the negative results from a June 2006 screening test for depression, to a March 2007 appointment in which Bird stated he had experienced symptoms during the past month, to an April 2007 intake assessment in which Bird reported that his nightmares had worsened over the past two years, and to a June 2007 evaluation for PTSD in which a VA psychiatrist classified Bird's symptoms as moderate. Bird disputes the Commissioner's characterization of this evidence and argues that these examinations do not have bearing on his pre-DLI condition. Because we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, an assessment of the weight of the evidence must be left to the ALJ on remand in the first instance.

ducted by the VA did not offer retrospective diagnoses, their substance related to Bird's history of impairments.[2]

Similarly, the Cole Report not only enumerated Bird's many current symptoms of PTSD, but also recounted Bird's impairments and their impact, which occurred long before his DLI. For example, in reviewing Bird's work history, Dr. Cole explained that Bird "held numerous jobs because of his inability to get along with others." Dr. Cole noted that the sale of the mobile home park in 2001 was due to Bird's combativeness and difficulty with social interaction. Like the evidence summarized in the VA rating decision, the Cole Report placed Bird's symptoms in the context of his work and social histories, drawing a link between his current condition and his condition predating his DLI.

As we held in *Moore*, retrospective consideration of medical evidence is especially appropriate when corroborated by lay evidence. *See Moore*, 418 F.2d at 1226. Here, Bird's testimony at the administrative hearing and a statement submitted by his wife to the Appeals Council buttress the medical evidence of Bird's pre-DLI condition.[3]

In addition to many of the facts related above, Bird testified that his various PTSD symptoms were difficulties that he had experienced for "years and years before" March 2005. Also,

---

[2]The Commissioner points to Bird's failure to obtain psychiatric treatment earlier and to complain sooner about having PTSD symptoms as undermining his claim of a pre-DLI impairment. These facts and Bird's explanations may be considered by the ALJ on remand along with all the other evidence in the case.

[3]The ALJ made an adverse credibility finding against Bird regarding "the intensity, persistence and limiting effects" of his symptoms "to the extent they are inconsistent with finding that [he] has no severe impairment . . . ." The ALJ agreed, however, that Bird suffered from PTSD before his DLI. Because we hold that the ALJ committed an error of law, we do not address the ALJ's credibility findings or the likely weight of the evidence on remand.

Bird testified that his only friends are other veterans who participate in a weekly veterans meeting. Bird further stated that he only shops in the middle of the night in order to avoid other people, and that, for the past 30 years, various individuals had recommended that he seek psychiatric treatment. Bird explained that he was unable to obtain such help because he did not have insurance and there was a lengthy waiting period to obtain psychiatric services at the VA.

Bird's wife corroborated this account in the letter she submitted to the Appeals Council. She stated that Bird had exhibited PTSD symptoms "for a long time," and that they had become progressively worse over the years. Two VA counselors also provided a letter to the Appeals Council, explaining that Bird had experienced PTSD symptoms "[s]ince he returned from the combat zone."[4] Thus, we conclude that the evidence in the record provided a sufficient linkage "reflective of a possible earlier and progressive degeneration," requiring that the ALJ give retrospective consideration to the psychological evidence summarized in the VA rating decision and the Cole Report. *See Moore*, 418 F.2d at 1226.

The ALJ's failure to give retrospective consideration to the above-stated medical evidence created after Bird's DLI was an error of law, which requires reversal of the district court's judgment upholding the ALJ's decision. However, because other evidentiary challenges that Bird raises in this appeal will arise again on remand before the ALJ, we also consider those issues here. *See, e.g.*, *Sharpe v. Dir., Office of Workers' Comp. Programs*, 495 F.3d 125, 134 n.16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); *Gordon v. Schweiker*, 725

---

[4] The Appeals Council added the letters from Bird's wife and the VA counselors to the administrative record; accordingly, these letters are now part of the record that we consider on appeal. *See Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur."). Therefore, we turn now to consider whether the ALJ afforded insufficient weight to the VA rating decision on the ground that its effective date was after Bird's DLI.

We have not previously addressed the precise weight that the SSA must afford to a VA disability rating. However, in *DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1 (4th Cir. 1983), we held that the disability determination of a state administrative agency is entitled to consideration in an SSA disability proceeding. SSA directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies. SSR No. 06-03p, 2006 SSR LEXIS 5, at *17. However, under the regulations implementing the Social Security Act, although the SSA will accept another agency's disability determination as evidence of a claimant's condition, that agency's decision is not binding on the SSA. 20 C.F.R. §§ 404.1504, 404.1512(b)(5). Accordingly, under the principles governing SSA disability determinations, another agency's disability determination "cannot be ignored and must be considered." SSR No. 06-03p, 2006 SSR LEXIS 5, at *17.

Our sister circuits have afforded varying degrees of evidentiary significance to a disability determination made by the VA. *See, e.g.*, *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("great weight"); *Kane v. Heckler*, 776 F.2d 1130, 1135 (3d Cir. 1985) ("substantial weight"); *cf. Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975) ("some weight" due to disability determination of a state agency). The assignment of at least some weight to a VA disability determination reflects the fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. *McCartey*, 298 F.3d at 1076. "Both programs evaluate a claimant's ability to perform full-time work in the national

economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.*

The VA rating decision reached in Bird's case resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA. Like the VA, the SSA was required to undertake a comprehensive evaluation of Bird's medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Here, although the ALJ reviewed the VA rating decision, he found that it was not relevant to an evaluation of Bird's pre-DLI condition because the decision was effective 15 months after Bird's DLI. Discounting the VA rating decision on this basis was improper, as its effective date merely reflected the date that Bird applied for VA benefits, which was a date unrelated to the onset of his PTSD. The effective date of an award for veterans benefits is limited by statute to "not [ ] earlier than the date of receipt of application therefor," with limited exceptions not applicable here. 38 U.S.C. § 5110. Reflecting this statutory limitation, Bird's VA rating decision stated that "[t]he effective date is the date of claim, which is the date of establishment of service connection for PTSD." Accordingly, we hold that the ALJ committed an error of law by failing to give appropriate weight to the VA rating decision on the ground that it became effective after Bird's DLI.

The above holdings, that the ALJ erred by failing to give adequate consideration to the VA rating decision and the medical evidence created after Bird's DLI, do not end our inquiry. We also consider an additional issue raised by Bird that will arise on remand of this case to the ALJ.

Bird contends that because the record contained some evidence that he suffered from disabling PTSD before his DLI, but did not unambiguously establish the date of its onset, the ALJ erred in failing to obtain the assistance of a medical advisor to aid in determining the date of onset. In support of his argument, Bird relies on Social Security Ruling No. 83-20 (SSR No. 83-20), and on our decision in *Bailey v. Chater*, 68 F.3d 75 (4th Cir. 1995).

We disagree with Bird's analysis, because it presupposes that the evidence established that his PTSD was disabling. Such a conclusion, however, is premature before the ALJ has applied the law properly to the evidence that should have been considered in this case.

Both SSR No. 83-20 and our decision in *Bailey* discuss the requirement that an ALJ consult a medical advisor *after* the claimant has proved that his condition is disabling, but when the date of its onset remains ambiguous. SSR No. 83-20 provides, in relevant part:

> *In addition to determining that an individual is disabled*, the decisionmaker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits.
>
> * * *

> The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations.
>
> * * *
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. . . .

SSR No. 83-20, 1983 SSR LEXIS 25, at *1-8 (emphasis added).

In *Bailey*, a case in which the ALJ found that the claimant suffered from a disabling condition but had failed to consult a medical advisor to resolve an ambiguity regarding the date of onset, we explained that "[i]n the absence of clear evidence documenting the progression of [the claimant's] condition, the ALJ did not have the discretion to forgo consultation with a medical advisor. The requirement that, in all but the most plain cases, a medical advisor be consulted prior to inferring an onset date is merely a variation on the most pervasive theme in administrative law — that substantial evidence support an agency's decision." *Id.* at 79-80.

As the Seventh Circuit explained in *Eichstadt v. Astrue*, 534 F.3d 663, 666 (7th Cir. 2008), "SSR 83-20 addresses situations in which an ALJ finds that a person is disabled as of the date she applied for disability insurance benefits, but it is

still necessary to ascertain whether the disability arose prior to an even earlier date—normally, when the claimant was last insured." *See also Key v. Callahan*, 109 F.3d 270, 273-74 (6th Cir. 1997) (holding that no medical advisor was necessary when the evidence did not indicate that the claimant was disabled before his DLI). Further, the Tenth Circuit, in *Blea v. Barnhart*, 466 F.3d 903, 913 (10th Cir. 2006), cautioned that when a claimant has established a current disability, "[a]n ALJ may not make negative inferences [concerning the date of onset] from an ambiguous record; rather [the ALJ] must call a medical advisor pursuant to SSR 83-20."

SSR No. 83-20 provides that the claimant's allegations, his work history, and the medical evidence are all relevant factors in determining the date of onset. In the present case, the VA rating decision, its summary of the underlying evidence, and the Cole Report all addressed these factors.

Here, the ALJ found that Bird did not prove that he had a disabling impairment before his DLI, but the ALJ did not make a finding regarding whether Bird ever was disabled after his DLI. And, as discussed above, the ALJ's finding that Bird had not established a disabling condition before his DLI was a conclusion reached after the ALJ's commission of two errors of law in evaluating the evidence. Thus, on remand, the ALJ initially will be required to review all the evidence in the record to determine whether Bird was disabled at any time. If the ALJ determines that Bird has established a disability resulting from his PTSD, but that the medical evidence of the date of onset of that disability is ambiguous such that a retrospective inference to the period before Bird's DLI would be necessary, the ALJ will be required to obtain the assistance of a medical advisor in order to render an informed determination regarding the date of onset.[5] *See Blea*, 466 F.3d at 911.

---

[5]Based on Bird's condition, the medical advisor requirement would be satisfied by consultation with a licensed clinical psychologist.

III.

In sum, we hold that a VA disability determination must be accorded substantial weight in Social Security disability proceedings. We reaffirm our reasoning in *Moore* and hold that an ALJ must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be "reflective of a possible earlier and progressive degeneration." *Moore*, 418 F.2d at 1226. After considering all relevant evidence, and upon determining that the claimant was disabled at any time, an ALJ must consult with a medical advisor if the date of onset of the disability is ambiguous.[6]

We note that, because our decision rests only on a finding of legal error, we offer no opinion regarding the weight of the evidence to be considered on remand or whether a denial or grant of benefits under the correct legal standards would be supported by substantial evidence. Accordingly, because the ALJ made two errors of law in conducting his analysis of the evidence concerning the issue whether Bird was disabled before his DLI, we vacate the district court's judgment and remand the case to the district court for further remand to the ALJ for proceedings consistent with the principles of law expressed in this opinion.

*VACATED AND REMANDED*

---

[6] Bird also argues that the district court should have remanded this matter to the ALJ for consideration of new evidence, namely, the 2006 and 2007 VA examinations attached to his district court complaint. Because we vacate the ALJ's denial of benefits on other grounds, we need not discuss in detail this secondary argument, which we conclude is without merit based on Bird's failure to establish good cause for not introducing that evidence at the hearing in his case. *See* 42 U.S.C. § 405(g) (remand for consideration of new evidence is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").