**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1424**

_____

TERRY BOYD RHOLETTER,

                Plaintiff - Appellant,

     v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Robert J. Conrad, Jr., District Judge. (2:14-cv-00005-RJC)

_____

Submitted: January 28, 2016      Decided: February 16, 2016

_____

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

Paul B. Eaglin, OLINSKY LAW GROUP, Syracuse, New York, for Appellant. Jill Westmoreland Rose, United States Attorney, Mark J. Goldenberg, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Boyd Rholetter appeals the district court's order granting summary judgment to the Commissioner and upholding the Commissioner's denial of Rholetter's application for disability insurance benefits. Upon review, we reverse and remand with instructions.

## I.

"When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted).

2

Rather, "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2012). The claimant "bears the burden of proving that he is disabled within the meaning of the Social Security Act." English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993). A five-step sequential process is used to evaluate a disability claim. See 20 C.F.R. § 404.1520(a)(4) (2015). First, the ALJ considers whether the claimant is engaged in substantial gainful activity. Id. § 404.1520(a)(4)(i). If he is not, the ALJ determines whether the claimant has "a severe medically determinable physical or

3

mental impairment . . . or combination of impairments that is severe." Id. § 404.1520(a)(4)(ii). If he does, the ALJ decides whether that impairment or combination of impairments meets or equals one of the listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id. § 404.1520(a)(4)(iii). If it does not, the ALJ assesses the claimant's residual functional capacity ("RFC") to determine whether the claimant retains the ability to perform past relevant work. Id. § 404.1520(a)(4)(iv). If he does not, the burden shifts at the fifth step to the Commissioner to establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work that exists in significant numbers in the national economy. Id. § 404.1520(a)(4)(v); Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635.

## II.

The ALJ found that Rholetter had not engaged in substantial gainful activity since his alleged onset date and that he suffered from severe impairments including below right knee amputation, coronary artery disease, lumbar compression deformity with loss of vertebral height, diverticulitis, and

4

obesity. The ALJ found that Rholetter did not have an impairment that met or equaled one of the listed impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1. Finding that Rholetter could no longer perform his past relevant work, the ALJ relied on the testimony of a vocational expert to conclude that Rholetter retained the RFC to perform jobs that exist in the national economy and was, therefore, not disabled.

## III.

Rholetter argues on appeal that the ALJ failed to reconcile inconsistencies between the expert's testimony and the Dictionary of Occupational Titles ("DOT"). Specifically, Rholetter argues that the expert testified that he could perform three jobs, all of which carry a Language Development Level of two, despite an RFC limiting him to jobs that can be performed by someone reading and/or writing at a first- or second-grade level. Reading between the first- and second-grade level generally corresponds to reading at a Language Development Level of one. See Hernandez v. Colvin, No. 13 CV 1955, 2014 WL 4784076, at *4 (N.D. Ill. Sept. 25, 2014) (expert testified that Level 1 language requirement translates to reading between first- and third-grade levels); Lowe v. Astrue, No. 09 CV 4150, 2010 WL 4684036, at *4 (N.D. Ill. Nov. 12, 2010) (expert

5

testified that DOT language classifications of Levels 1 and 2 conflicted with claimant's first-grade reading level).

Social Security Ruling ("SSR") 00-4p provides that the ALJ "has an affirmative responsibility to ask [the vocational expert] about any possible conflict between [his] evidence and . . . the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). Thus, the ALJ must ask the expert if his testimony conflicts with the DOT and, if the evidence appears to conflict, the ALJ must "obtain a reasonable explanation for the apparent conflict." Id. The ALJ must resolve the conflict before relying on the expert's testimony and must explain the resolution of the conflict in his decision. Id.

In the recent decision of Pearson v. Colvin, __ F.3d __, 2015 WL 9204335 (4th Cir. Dec. 17, 2015), decided after the district court's judgment in this case, we held that the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at *4. SSR 00-4p "requires nothing of the claimant," so Rholetter's failure to raise the conflict at the hearing does not preclude a finding that an apparent conflict exists. Id. at *6.

In addition, we held in Pearson that an expert's testimony that apparently conflicts with the DOT can only provide substantial evidence if the ALJ received an explanation from the

6

expert explaining the conflict and determined both that the explanation was reasonable and that it provided a basis for relying on the expert's testimony rather than the DOT. See 2015 WL 9204335 at *5. Noting that a social security hearing is not adversarial, we decided that an ALJ has not fully developed the record if the record contains an unresolved conflict between the expert's testimony and the DOT. See id. We determined that, because there was no explanation regarding the apparent conflict, there was no reasonable basis for relying on the expert's testimony, and, thus, the testimony could not provide substantial evidence for a denial of benefits. See id.

We conclude here that, on the basis of Pearson, the ALJ erred, first, by not asking the expert about conflicts between his testimony and the DOT and, second, by relying on the expert's testimony despite the expert's failure to explain an apparent conflict between an RFC that limits Rholetter to reading at a first- or second-grade level and the DOT's classification of the jobs identified by the expert as requiring a Language Development Level of two. Thus, under Pearson, the expert's testimony in this case did not provide substantial evidence that there was work that Rholetter could do given his RFC. Accordingly, we reverse the district court's conclusion that substantial evidence supported the ALJ's finding that work

that Rholetter could perform existed in significant numbers in the national economy, and we direct the district court to remand the case to the Commissioner with instructions to consider the impact of <u>Pearson</u>.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>