**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1645**

EVERETT CURTIS FLESHER,

Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:14-cv-30661)

Submitted:  August 30, 2017                        Decided:  September 19, 2017

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michelle Kuhar Dyer, Jan Denise Dils, JAN DILS, ATTORNEYS AT LAW, PLC, Parkersburg, West Virginia, for Appellant.  Nora Koch, Stephen Giacchino, Patrick Roach, Social Security Administration, Office of the General Counsel, Philadelphia, Pennsylvania; Carol A. Casto, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everett Curtis Flesher appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his complaint for review of the Commissioner of the Social Security Administration's (SSA) denial of disability insurance benefits. "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an [administrative law judge (ALJ)] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Commissioner*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. *Johnson*, 434 F.3d at 653.

In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work. 20 C.F.R. §§ 404.1508, 404.1520(g) (2012). The Commissioner uses a five-step process to evaluate a disability claim. 20 C.F.R. § 404.1520 (2011). Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe

2

impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. *Id.*; *see also Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Lewis*, 858 F.3d at 861. If the ALJ determines that a claimant failed to demonstrate that his disability meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functioning capacity before proceeding to step four. *Id.* at 861-62.

We have thoroughly reviewed the record and conclude that the Commissioner's decision is supported by substantial evidence and was reached through application of the correct legal standards. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*