**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2056**

CHARLIE PARKER, JR.,

              Plaintiff - Appellant,

        v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security
Administration,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at
Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:16-cv-00126-HCM-DEM)

Submitted:  April 24, 2018                    Decided:  May 8, 2018

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charlene A. Morring, MONTAGNA KLEIN CAMDEN LLP, Norfolk, Virginia, for
Appellant.   Nora Koch, Regional Chief Counsel, Stephen Giacchino, Supervisory
Attorney, Patrick Roach, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Dana J. Boente,
United States Attorney, Alexandria, Virginia, Virginia VanValkenburg, Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A social security administrative law judge ("ALJ") denied Charlie Parker, Jr.'s claim for Disability Insurance Benefits, finding that Parker retained the residual functional capacity to perform light work with several limitations and thus was not disabled during the relevant period. After the decision became final, Parker brought this action seeking judicial review. Presented with cross-motions for summary judgment, the district court adopted the magistrate judge's report and recommendation, denied Parker's motion, granted the Commissioner's motion, and affirmed the decision. Parker now appeals. We affirm.

I.

First, Parker argues that the ALJ erred in ignoring a Compensation and Pension ("C&P") examination conducted by Heath Patterson for the Department of Veterans Affairs ("VA") and that the district court erred in determining that the C&P was not a medical opinion. For purposes of this opinion only, we assume that the C&P was a medical opinion and that the ALJ erred by failing to assign it a particular weight. Nonetheless, we find that these alleged errors are harmless. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." (internal quotation marks omitted)).

3

The ALJ clearly weighted the VA's final rating decision which drew, in part, from the C&P. In addition, the ALJ considered the C&P directly, noting findings in it both helpful and not helpful to Parker. The ALJ credited the findings and diagnoses of the VA medical records (which included the C&P), but found that Parker's academic performance was inconsistent with a totally disabling condition. While Parker attempts to downplay his academic success, the ALJ described it without error. Accordingly, further consideration of the C&P, which was clearly already reviewed, would not change the ALJ's determination that Parker's academic success and an allegedly fully disabling condition were inconsistent. Thus, we find that any errors by the ALJ or the district court were harmless and do not require remand.

## II.

Next, Parker challenges the district court's failure to remand the case for consideration of new evidence. However, Parker did not object to the magistrate judge's recommendation finding this claim without merit. The timely filing of specific, written objections to a magistrate judge's recommendation with respect to a dispositive motion is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(1)-(2); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("We have long held that the Federal Magistrates Act cannot be interpreted to permit a party to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals." (internal quotation marks, alterations, and ellipsis omitted)). To qualify as

4

specific, a party's objections must "reasonably . . . alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir 2007). This requirement preserves the role of the district court as the primary supervisor of magistrate judges and "train[s] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *Id.* at 621. In reviewing the sufficiency of a party's objections, the "touchstone" of our inquiry is "whether the district court was made aware of the true ground for [the party's] objection." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (internal quotation marks omitted).

Here, the magistrate judge advised Parker that his failure to file specific, written objections to the recommendation would waive appellate review of a district court order based on the recommendation. Despite this warning, Parker, through counsel, filed objections that addressed certain claims but did not object to the magistrate judge's ruling on Parker's claim that the district court should remand the case based upon newly submitted evidence. Moreover, in his reply brief, Parker does not address the waiver issue raised by the Commissioner. Thus, Parker has not given this court any reason to excuse the failure to object. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985) (stating that "because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice"). Accordingly, Parker has waived review of his claim that his case should be remanded to the ALJ for consideration of new evidence.

III.

Finally, Parker avers that the ALJ violated this court's ruling in *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337, 340-41 (4th Cir. 2012), when it rejected Parker's post-date-last insured ("DLI") evidence – a functional assessment by John Meyers. In *Bird,* the claimant asserted that he became disabled prior to his DLI due to PTSD. 699 F.3d at 338-39. The claimant had no medical records dating before his DLI but submitted psychological evaluations conducted after his DLI, one of which indicated that he had been suffering from symptoms associated with PTSD since his return from Vietnam. *Id.* at 339-40. The ALJ found that the claimant's PTSD was not "severe" prior to his DLI. *Id.* at 340. In making this decision, "the ALJ relied in part on the lack of medical evidence created before [the claimant's] DLI" and gave little weight to one report because it did not "reflect [the claimant's] pre-DLI condition." *Id.* On appeal, the claimant argued that the ALJ erred by "failing to give retrospective consideration to medical evidence created after his DLI." *Id.* We agreed, concluding "that the evidence in the record provided a sufficient linkage reflective of a possible earlier and progressive degeneration, requiring that the ALJ give retrospective consideration to the psychological evidence" generated after claimant's DLI. *Id.* at 342 (internal quotation marks omitted).

Further, in *Bird*, the Commissioner argued that, even if the ALJ had given retrospective consideration to the psychological reports, the result would not have changed because other evidence in the record showed that the claimant's condition had deteriorated after his DLI. 699 F.3d at 341 n.1. We did not address the argument

6

because we found that the ALJ had employed the incorrect legal standard when assessing the record; instead, we left "an assessment of the weight of the evidence . . . to the ALJ on remand." *Id.*; *see id.* at 342 n.3 (declining to "address the ALJ's credibility findings" for the same reason).

Parker contends that, while the ALJ considered and gave little weight to Meyers' opinion, it was error to do so solely for the reason that it was generated after Parker's DLI. First, Parker's argument is based on an incorrect assumption. The ALJ gave little weight to Meyers' opinion because it indicated "current functioning rather than functioning in 2012." In addition, Meyers relied on two hospitalizations, both of which also occurred after the DLI. The ALJ clearly reviewed the document and found that it shed little light on Parker's functioning during the relevant time period.

Moreover, the *Bird* court did not hold that post-DLI evidence is always relevant. Instead, we noted that only when a "linkage" is found between the DLI condition and the post-DLI condition is such evidence relevant. The post-DLI medical opinions in *Bird* summarized evidence from before Bird's DLI and discussed his work and social histories. Thus, we determined that it was inappropriate to fail to consider the evidence even though it was generated post-DLI. 699 F.3d at 341-42.

Here, Meyers completed a mental residual capacity assessment in 2015. Meyers checked boxes regarding Parker's current limitations. In the brief written comments, Meyers noted that Parker had a "history of significant limitations – function." However, Meyers did not provide information or dates on this history or any details regarding Parker's historical limitations. Meyers also noted that Parker was hospitalized post-DLI

7

and that he showed "significant limitation" in sentence recall.  In short, Meyers provided no information at all on the history of Parker's condition and provided no historical context or linkage.

Thus, while Parker contends that the ALJ failed to draw the appropriate conclusions from—and give the appropriate weight to—the post-DLI medical evidence, the ALJ was only required to review the evidence for linkage.  The weight and conclusions to be drawn therefrom are within the ALJ's purview.  Here, the ALJ examined Meyers' assessment and found no linkage.  Because the ALJ employed the correct legal standard, his conclusion regarding the disability onset date is entitled to deference.  *See Johnson v. Barnhart*, 434 F. 3d 650, 653 (4th Cir. 2005).  As such, we find this claim to be without merit.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*