**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1366

LEON L. LADDA, JR.,

       Plaintiff – Appellant,

v.

NANCY A. BERRYHILL,

       Defendant – Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, Senior District Judge.  (3:15-cv-00257-RLV)

Argued:  September 26, 2018                    Decided:  October 18, 2018

Before DUNCAN and DIAZ, Circuit Judges, and John A. GIBNEY, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Diaz and Judge Gibney joined.

**ARGUED:**  Dana Wayne Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant.  Christian Michael Vainieri, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Jill Westmoreland Rose, United States Attorney, Charlotte, North Carolina, Gill P. Beck, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Plaintiff-Appellant Leon Ladda, Jr. challenges the decision of a Social Security Administration ("SSA") Administrative Law Judge (an "ALJ") finding him not disabled and denying his application for disability insurance benefits and supplemental security income. Ladda contends that the ALJ erred in finding Ladda's subjective statements about his symptoms not entirely credible and in determining Ladda's residual functional capacity to work (his "RFC"). We hold that the ALJ applied correct legal standards and that his factual findings were supported by substantial evidence. Accordingly, we affirm the district court and uphold the ALJ's decision.

I.

In December 2011, Ladda applied for disability insurance benefits and supplemental security income with the SSA. The SSA denied Ladda's application, and he filed a request for reconsideration, which the SSA also denied.

Ladda requested an administrative hearing and appeared before an SSA ALJ in August 2013. The ALJ heard testimony from Ladda and from a vocational expert (a "VE"), and he reviewed Ladda's medical records and the opinions of his physicians. Medical evidence that the ALJ considered included x-rays that showed that Ladda's injuries were healing, test results that showed that Ladda's sensation and range of motion were normal, and records that showed no significant changes to Ladda's pain medications and no reports of side effects from those medications. The ALJ considered Ladda's reports that he could perform some daily tasks, such as brushing his hair, shopping for

3

groceries, and performing household chores. The ALJ also considered Ladda's testimony that he experiences regular pain, frequently uses a wheelchair or crutches, experiences side effects from his pain medications, and cannot walk for more than ten to fifteen minutes or lift more than ten pounds.

Following the hearing, the ALJ denied Ladda's claims and found that Ladda was not disabled. In his analysis, the ALJ found that Ladda's subjective statements about his symptoms were not entirely credible and that Ladda was capable of light work. The SSA Appeals Council declined to review the decision. Ladda sought review of the ALJ's decision in the district court, which granted summary judgment for the SSA and affirmed the ALJ's decision in February 2017. This appeal followed.

## II.

Ladda challenges (1) the ALJ's determination that Ladda's testimony regarding his pain and abilities was not entirely credible and (2) the ALJ's procedures and reasoning in his assessment of Ladda's RFC. This court "review[s] a district court's grant of a motion for summary judgment de novo, applying the same legal standards as the district court." *Nader v. Blair*, 549 F.3d 953, 958 (4th Cir. 2008). Accordingly, "[w]hen examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). When reviewing for substantial evidence, "we do not undertake to reweigh conflicting evidence, make credibility determinations,

4

or substitute our judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alteration in original) (citation omitted).

In this case, the ALJ's credibility determination and RFC assessment apply correct legal standards and are supported by substantial evidence. Accordingly, we affirm the district court's grant of summary judgment for the SSA and the ALJ's decision to deny Ladda's application for disability insurance benefits and supplemental security income. We briefly describe the statutory and regulatory framework that the ALJ applied before explaining our decision to uphold the ALJ's credibility determination and RFC assessment.

A.

The Social Security Act entitles eligible disabled individuals to disability insurance benefits and supplemental security income. 42 U.S.C. §§ 423, 1382. ALJs follow a five-step procedure when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If the ALJ determines at any step that a claimant is or is not disabled, the inquiry ends. Step 1 asks whether the claimant is working. *Id.* If not, step 2 asks whether he has a "severe medically determinable physical or mental impairment." *Id.* Step 3 asks whether the claimant's impairment "meets or equals" a listed impairment that would automatically define him as disabled. *Id.* If the ALJ does not find the claimant disabled at step 3, he must determine the claimant's RFC--his remaining capacity to do sustained work activities despite his physical or mental impairments. *See id.* §§ 404.1520(e), 404.1545, 416.920(e), 416.945. As part of this

5

determination, the ALJ must assess the credibility of any subjective statements by the claimant about his symptoms. *Id.* §§ 404.1529(c)(4), 416.929(c)(4); Soc. Sec. Ruling ("SSR") 96-8p, 1996 WL 374184 at *7 (Jul. 2, 1996).

After the RFC assessment, the ALJ proceeds to step 4 and determines whether the claimant can still do his "past relevant work" in light of his impairments and the RFC assessment. 20 C.F.R. §§ 404.1520, 416.920. If the claimant cannot perform past relevant work, the burden of proof shifts from the claimant to the SSA at step 5. *See* 42 U.S.C. § 423(5)(A); 20 C.F.R. §§ 404.1512(a)–(b), 416.912(a)–(b), 404.1520(g), 416.920(g). There, the SSA must "demonstrate that the impairment does not prevent the claimant from engaging in other substantial gainful employment." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 660 (4th Cir. 2017); *see* 20 C.F.R. §§ 404.1520, 416.920. At this stage, the ALJ considers the RFC assessment and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520, 416.920. The ALJ will often rely on the testimony of a VE at this step to establish whether a hypothetical person with the claimant's limitations and abilities could readily find employment that "exists in significant numbers in the national economy." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (internal quotation marks and citations omitted).

In this case, at steps 1 and 2, the ALJ found that Ladda was not working and had severe impairments. At step 3, he found that Ladda's impairments did not meet or equal any listed impairment. The ALJ performed an RFC assessment and found that Ladda had the residual functional capacity to perform "light work" except that Ladda was "limited to [only] occasional climbing and balancing." A.R. 22. Critically, at this stage, the ALJ

6

found that Ladda's statements about his pain and limitations were only partially credible. At step 4, the ALJ found that Ladda was not able to perform any past relevant work because the demands of his past work as a baker "exceed[ed] his residual functional capacity." A.R. 27. At step 5, however, the ALJ concluded that Ladda was not disabled because VE testimony established that someone with Ladda's RFC, age,[1] education, and work experience could perform certain available occupations. On appeal, Ladda challenges both the ALJ's determination that Ladda's testimony regarding his pain and abilities was not entirely credible and the ALJ's procedures and reasoning in his RFC assessment.

B.

We first determine whether the ALJ's credibility determination applied correct legal standards and was supported by substantial evidence. An ALJ assesses the credibility of a claimant's subjective statements about his condition as part of the RFC assessment. When conducting the RFC assessment, the ALJ must consider all relevant evidence in the record, including medical records, reports of daily activities, and "effects

---

[1] Regarding Ladda's age, the ALJ stated that Ladda was "51 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date." A.R. 27. However, under the regulations, Ladda, who falls between the ages of 50–54, is a "[p]erson closely approaching advanced age." *See* 20 C.F.R. § 404.1563(d). ALJs are required to consider a claimant's age in step 5 of the disability determination if the claimant falls into that category. *Id.* § 404.1563(c)–(d). Here, the ALJ did consider Ladda's age in step 5, *see* A.R. 28, so any mistake he committed with respect to his statement about Ladda's age category did not affect his disability determination.

of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." SSR 96-8p at *7. When a claimant makes statements about his symptoms, the ALJ must determine the credibility of those statements and explain his assessment. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *see* SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996).[2] Ladda argues that the ALJ did not have substantial evidence to support his finding that Ladda's statements about his pain and other symptoms were not entirely credible. However, we uphold the ALJ's credibility determination because the ALJ explained his reasoning and weighed Ladda's subjective statements against other evidence.

SSA regulations set out a two-step process that ALJs must follow when evaluating a claimant's subjective statements about his impairments and symptoms. 20 C.F.R. §§ 404.1529, 416.929. First, the ALJ considers the objective medical evidence to determine whether the claimant's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* Second, the ALJ evaluates the "intensity and persistence of [the claimant's] symptoms" and "determin[es] the extent to which [those] symptoms limit [the claimant's] capacity for work." *Id.* At the second step, the ALJ must "assess the credibility of the claimant's statements about symptoms and their functional effects." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (citing

---

[2] SSR 16-3p superseded SSR 96-7p on March 16, 2016. SSR 16-3p, 2016 WL 1119029 at *1 (Mar. 16, 2016). However, SSR 96-7p was in effect on November 21, 2013 when the ALJ made his determination here, and neither party contends that it does not apply.

8

20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)). Here, the ALJ found that Ladda's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" of pain and limited mobility at the first step of this analysis. A.R. 23. However, at the second step, the ALJ explained that Ladda's statements regarding the extent to which the symptoms affected his ability to work were not fully credible when compared with other evidence on the record.

When an ALJ makes a credibility determination, he must "consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, [and] statements . . . by treating or examining physicians." SSR 96-7p at *1. In this analysis, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion that the claimant's testimony was not credible." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) (internal quotations and alterations omitted).

Here, after considering Ladda's subjective statements, the ALJ concluded that Ladda's pain could be managed through medication and did not limit his ability to perform light work. The ALJ supported this conclusion through discussion and analysis of the evidence. The ALJ discussed Ladda's relevant medical records, such as x-rays that showed that he was healing and test results that demonstrated normal sensation and range of motion. The ALJ also discussed Ladda's statements about his pain, physical limitations, and daily abilities. The ALJ gave a number of reasons, supported by substantial evidence, for finding that these statements were "not entirely credible." A.R. 23. For instance, he explained that, though Ladda complained of pain, the medical record

9

did not show "any significant changes . . . to [Ladda's] medications or dosages," which suggested to the ALJ that Ladda's existing treatments sufficiently managed his pain. A.R. 25. The ALJ also noted that Ladda failed to follow his doctor's advice and pursue physical therapy at home when such activities could have helped ease his pain. A.R. 26. The ALJ sufficiently explained how he used the evidence to reach his conclusion that Ladda's statements about his symptoms were not entirely credible.[3]

When determining credibility, the ALJ must also consider whether a claimant's statements about pain and other symptoms conflict with other evidence on the record, including objective medical evidence and statements by physicians about how the claimant's symptoms affect him. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (stating the standard for evaluating subjective symptoms); *Brown*, 873 F.3d at 269 (explaining that this standard applies during the credibility determination). The ALJ cannot "reject [a claimant's] statements about the intensity and persistence of . . . pain or other symptoms" or about the effect of those symptoms on a claimant's ability to work "solely because the available objective medical evidence does not substantiate [them]." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

---

[3] Ladda also contends that the ALJ failed to mention facts in the record that supported Ladda's statements. An ALJ "cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis*, 858 F.3d at 869 (citation omitted). However, when we review an ALJ's credibility determination, we do not "substitute our judgment for that of the [ALJ]," *Hancock*, 667 F.3d at 472, and here, the ALJ cited adequate evidence from the record to support his conclusion that Ladda's statements were not entirely credible.

In this case, the ALJ acknowledged Ladda's pain but explained that no medical evidence demonstrated that his pain was a "continuing impairment of incapacitating proportions." A.R. 25. An ALJ cannot base his credibility determination solely on objective medical evidence, but that was not the end of the ALJ's analysis here. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Instead, the ALJ noted that Ladda made conflicting statements at the hearing and to his physicians about whether his pain medication caused side effects, and he considered Ladda's medication and treatment history, which also cut against Ladda's statements about his pain. We are not unsympathetic to the difficulty of articulating a subjective symptom like pain, but the ALJ did not reject Ladda's statements out of hand. Instead, he compared them with the other evidence on the record, including objective medical evidence and Ladda's conflicting statements. The weight he assigned to Ladda's statements after comparing them with other evidence is therefore supported by substantial evidence.

Admittedly, our inquiry would be more straightforward if the ALJ had not made comments that were unnecessary to the disability determination, such as his statement that "despite the advice of his physicians, [Ladda] continues to smoke, which may well be a factor in aggravation of his medical problems." A.R. 26; *see Lewis*, 858 F.3d at 869 (chastising an ALJ for "playing doctor" when the ALJ's statement is not supported by any medical evidence). However, on appeal, we look to whether the ALJ's decision was supported by substantial evidence, and in doing so, "we do not undertake to reweigh . . . [the] evidence." *Hancock*, 667 F.3d at 472. Under this standard, the ALJ's

11

determination here was more than adequately in accord with the regulations and our precedent, despite his extraneous remarks.

Therefore, we uphold the ALJ's determination that Ladda's subjective statements were only partially credible.

C.

We next determine whether the ALJ's RFC assessment applied correct legal standards and was supported by substantial evidence. Ladda alleges that the ALJ (1) failed to include a narrative discussion of the evidence in the RFC assessment and (2) failed to perform the RFC assessment on a function-by-function basis. We uphold the RFC assessment because the ALJ explained his reasoning and assessed Ladda's functional abilities and limitations in accordance with our standard in *Mascio*, 780 F.3d 632.

In the RFC assessment, the ALJ uses all relevant evidence, medical or otherwise, to determine a claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. §§ 404.1545, 416.945. A claimant's RFC represents "the most [he] can still do despite [his] limitations." *Id.* SSA guidance directs the ALJ to first consider a claimant's abilities on a "function-by-function basis" before expressing a claimant's RFC in terms of exertional levels: "sedentary, light, medium, heavy, [or] very heavy." SSR 96-8p at *1; *see Mascio*, 780 F.3d at 636–37 (explaining that an ALJ must explain how he evaluated a claimant's residual functional capacity). Here, the ALJ

determined that Ladda was capable of light work, except that he was "limited to occasional climbing and balancing." A.R. 22.

An RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p at *7. The ALJ must identify the evidence relied upon and "build an accurate and logical bridge from the evidence to [the] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (holding that an ALJ's failure to do so was reversible error).

Here, the ALJ sufficiently explained his conclusions when conducting the RFC assessment. In *Monroe*, an ALJ's RFC assessment was not supported by substantial evidence when he failed to explain his decision to rely on certain medical records while ignoring others and when he failed to include a narrative discussion describing how he decided to weigh the evidence. *Id.* at 189–90. In contrast, the ALJ in this case used evidence from the record to explain his finding that Ladda was capable of light work. For example, the ALJ noted that Ladda claimed that he could walk for only ten to fifteen minutes at a time and could not lift ten pounds, but he explained that the other evidence in the record, such as medical records and opinion evidence, did not fully substantiate these claims. The ALJ also explained the relative weight he assigned to the statements made by Ladda, Ladda's treating physician, and the state agency medical consultants. The ALJ provided a sufficiently thorough discussion for us to agree that his conclusion that Ladda was limited to light work was supported by substantial evidence.

13

SSA guidelines instruct the ALJ to take a "function-by-function" approach to determining a claimant's RFC. SSR 96-8p at *1. The function-by-function approach asks the ALJ to consider a claimant's specific "exertional and nonexertional functions" when determining the claimant's RFC. *Id.* at *5. In *Mascio*, we "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Mascio*, 780 F.3d at 636 (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d. Cir. 2013) (per curiam)). Instead, we stated that "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quotations, alterations, and citation omitted). For example, in *Mascio*, remand was appropriate where an ALJ's RFC assessment was not supported by substantial evidence because he failed to address conflicting evidence in the record and to include an analysis of whether the claimant could perform certain functions for an entire workday. *Id.* at 637.

Here, the ALJ satisfied the requirements of *Mascio* when he assessed Ladda's RFC. He discussed Ladda's ability to sit, stand, and walk, and he explained that Ladda's physicians opined that Ladda did not need to rely on a cane or crutches. Ladda argues that the ALJ did not perform a function-by-function analysis because the ALJ did not discuss Ladda's reduced grip strength and limited use of his left leg and right hand. However, the ALJ did assess Ladda's capacity to stand, walk, and lift, which are all functions that are related to those physical limitations.

14

Further, we need not remand because the record in this case is adequate. Unlike the ALJ in *Mascio*, the ALJ here addressed conflicting evidence in the record and explained that Ladda's pain would not prevent him from working for an entire workday.[4] *See id.* Accordingly, we uphold the ALJ's RFC assessment as supported by substantial evidence rather than remand.

## III.

We affirm the district court and uphold the ALJ's disability determination because the ALJ applied correct legal standards and his conclusions were supported by substantial evidence.

*AFFIRMED*

---

[4] Ladda claims that the ALJ erred in assessing Ladda's daily activities as evidence of Ladda's ability to work for an entire day. However, the ALJ cited Ladda's daily activities for purposes of the credibility determination and not as examples of the functions Ladda could perform for an entire day.