**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-2048**

_____

CAMILLE M. BROOKS,

Plaintiff - Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:20-cv-00262-MSD-DEM)

_____

Argued:  October 26, 2022                          Decided:  February 22, 2023

_____

Before KING and HEYTENS, Circuit Judges, and Sherri A. LYDON, United States District Judge for the District of South Carolina, sitting by designation.

_____

Vacated and remanded by published opinion.  Judge King wrote the opinion, in which Judge Heytens and Judge Lydon joined.

_____

**ARGUED:**  David Fallon Chermol, CHERMOL & FISHMAN, LLC, Philadelphia, Pennsylvania, for Appellant.  Joshua Marc Salzman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Garry Daniel Hartlieb, OFFICE OF THE UNITED STATES ATTORNEY, Washington, D.C., for Appellee.  **ON BRIEF:**  Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

KING, Circuit Judge:

Plaintiff Camille Brooks appeals from the 2021 opinion of the district court in the Eastern District of Virginia affirming the final decision of defendant Kijakazi, as the Acting Commissioner of Social Security, which denied Brooks's claim for disability benefits. *See Brooks v. Kijakazi*, No. 2:20-cv-00262 (E.D. Va. Sept. 15, 2021), ECF No. 25 (the "Opinion").[1]  As explained herein, we agree with Brooks's appellate contention that, pursuant to the Supreme Court's 2018 decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the administrative law judge ("ALJ Bright") who rendered the Commissioner's final decision did so in contravention of the Constitution's Appointments Clause.[2]  Accordingly, without resolving the merits contentions that Brooks also pursues on appeal, we vacate the judgment of the district court and direct a remand to the Commissioner for a new and plenary hearing on Brooks's disability benefits claim, to be conducted before a different and properly appointed ALJ.

---

[1] Hereinafter, we will refer to the defendant Acting Commissioner of Social Security simply as "the Commissioner."

[2] The Appointments Clause of the Constitution of the United States is found at Article II, Section 2, Clause 2, and provides, *in haec verba*, that the President

> shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law:  but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

I.

A.

Brooks applied for Social Security disability benefits in September 2015, alleging that she had been disabled since June 2014 due to glaucoma, arthritis, dry eye disease, migraines, degenerative disc disease, complications from spinal surgery, and a torn rotator cuff.  After her disability benefits claim was denied at the initial and reconsideration levels, Brooks requested an administrative hearing before an ALJ of the Social Security Administration (the "Agency"), and a hearing was convened and conducted by ALJ Bright in January 2018.  On March 15, 2018, ALJ Bright denied Brooks's claim, ruling that, although Brooks suffered from a series of medically severe impairments, she possessed sufficiently transferable job skills to enable her to hold positions that were available "in significant numbers in the national economy." *See* A.R. 139 (the "2018 ALJ Decision").[3] Brooks's ability to work in those positions, ALJ Bright explained, barred a finding of "disability" status under the Social Security Act.  Brooks promptly appealed the 2018 ALJ Decision to the Agency's Appeals Council.

In June 2018, while Brooks's administrative appeal was pending before the Appeals Council, the Supreme Court decided *Lucia v. SEC* — the decision of the Court that underpins our ruling today — which recognized that the ALJs of the Securities and Exchange Commission (the "SEC") are "inferior Officers" of the United States within the

---

[3] Citations herein to "A.R. __" refer to the contents of the Administrative Record in this appeal.

3

meaning of the Appointments Clause. *See* 138 S. Ct. 2044, 2051, 2055 (2018) (citing U.S. Const. art. II, § 2, cl. 2). Because the Appointments Clause requires such "inferior Officers" to be appointed by either the President, a court of law, or the head of an executive department, the *Lucia* Court ruled that the SEC ALJ overseeing the administrative proceedings at issue — who had been appointed by SEC staff members — "lacked constitutional authority to do his job." *Id.* at 2050. Accordingly, the Court remanded Lucia's case to the SEC for a new hearing before a different and properly appointed ALJ.

On July 16, 2018, recognizing that Agency ALJs were — like the SEC ALJs — selected by the Agency staff, the Commissioner responded to the Supreme Court's *Lucia* decision by "ratif[ying] the appointments of [the Agency's] ALJs" and "approv[ing] those appointments as her own" — including, as relevant here, the appointment of ALJ Bright. *See* 84 Fed. Reg. 9582, 9583 (Mar. 15, 2019). In early 2019, the Agency issued guidance to its Appeals Council directing that, in response to timely raised Appointments Clause challenges to pre-ratification ALJ decisions, the Council should "vacate the hearing decision" and "remand the case to an ALJ other than the ALJ who issued the decision under review." *Id.* Of great importance, the parties to this appeal do not dispute that, pursuant to *Lucia*, the denial of Brooks's disability benefits claim in the 2018 ALJ Decision was invalid — owing to ALJ Bright's then-unconstitutional appointment.

On October 24, 2018, after granting Brooks's request for review, the Agency's Appeals Council vacated the 2018 ALJ Decision that denied Brooks's disability benefits claim and remanded her case for further proceedings. Brooks had not theretofore presented the Appeals Council with an Appointments Clause challenge, however, and the Council

4

did not address the Appointments Clause issue or the Supreme Court's *Lucia* decision. Rather, the Council identified potential flaws in the evidence provided by a vocational expert regarding Brooks's transferable job skills, and it consequently remanded Brooks's disability benefits claim to ALJ Bright on that basis.

With Brooks's disability benefits claim having been returned from the Appeals Council, ALJ Bright — with a post-*Lucia* appointment in hand and having been duly ratified by the Commissioner — conducted another hearing on Brooks's claim and received evidence from a new vocational expert. On April 25, 2019, ALJ Bright once again ruled that Brooks was not "disabled" and denied her disability claim, concluding that Brooks possessed the residual functional capacity to perform "light work" and could perform her "sedentary[] and light" past relevant work as an assistant museum director. *See* A.R. 20, 24 (the "2019 ALJ Decision"). On March 27, 2020, the Appeals Council denied review of the 2019 ALJ Decision, making that Decision the "final decision of the Commissioner," and rendering it eligible for judicial review pursuant to 42 U.S.C. § 405(g).

B.

1.

Brooks initiated this civil action in the Eastern District of Virginia on May 21, 2020, alleging that the 2019 ALJ Decision was not supported by substantial evidence and, in turn, requesting an award of disability benefits or a remand to the Agency "for further

development and analysis." *See* J.A. 20.[4]  By her complaint and ensuing motion for summary judgment, Brooks maintained that (1) ALJ Bright had failed to resolve contradictory evidence from the two vocational experts; (2) ALJ Bright had failed to account for Brooks's mild mental functional limitations in determining her residual functional capacity; and also (3) that, under *Lucia*, the 2019 ALJ Decision was fatally tainted by the undisputed Appointments Clause defect underlying the 2018 ALJ Decision.

2.

In a Report and Recommendation issued in July 2021 (the "R&R"), a magistrate judge in the Eastern District of Virginia recommended that the district court grant the Commissioner's cross-motion for summary judgment and affirm the 2019 ALJ Decision. *See Brooks v. Kijakazi*, No. 2:20-cv-00262 (E.D. Va. July 16, 2021), ECF No. 21.[5]  After resolving that ALJ Bright had properly relied on the vocational expert's testimony in the 2019 hearing and that Brooks's mental limitations were adequately evaluated in ALJ Bright's analysis, the R&R assessed Brooks's Appointments Clause challenge.  In that regard, the R&R recognized that, although Brooks had failed to raise her Appointments Clause contention in the administrative proceedings, the Supreme Court's 2021 decision in *Carr v. Saul* had concluded that Social Security claimants were not required to raise Appointments Clause challenges before the Agency in order to preserve that constitutional

---

[4] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[5] The district court had referred Brooks's claims to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

6

issue for review in federal court. *See* 141 S. Ct. 1352, 1356 (2021). Accordingly, pursuant to *Carr*, Brooks had interposed a "timely challenge to the constitutional validity of the appointment of [the] officer who adjudicate[d] [her] case," in that she was pursuing her Appointments Clause claim in her federal court proceedings. *See Lucia*, 138 S. Ct. at 2055.

Nevertheless, the R&R recommended to the district court that the 2019 ALJ Decision was not fatally flawed by the Appointments Clause error. The R&R reasoned that, although the 2018 adjudication of Brooks's disability benefits claim was constitutionally infirm, there was no need for a different ALJ to have adjudicated Brooks's claim on remand from the Appeals Council post-*Lucia*. According to the R&R, the Council had vacated the 2018 ALJ Decision in view of "a specific evidentiary defect" — and not because of the Appointments Clause defect. *See* R&R 24. The R&R recognized that the Supreme Court had explained in *Lucia* that the remedy for an Appointments Clause violation was chosen in part out of concern that an illegally appointed ALJ could not "be expected to consider the matter as though he had not adjudicated it before." *Id.* (quoting *Lucia*, 138 S. Ct. at 2055). Because the 2018 ALJ Decision was vacated on a merits-based issue, however, the R&R resolved that "the concern animating the Supreme Court's remand order in *Lucia* is not present," and thus that *Lucia*'s remedy of remand to a different ALJ was inapplicable and inappropriate. *Id.* at 25.

3.

By its Opinion of September 15, 2021, the district court adopted the R&R in full, granted the Commissioner's motion for summary judgment, denied Brooks's summary judgment motion, and affirmed the Agency's denial of Brooks's disability benefits claim.

The court rebuffed Brooks's objections to the R&R, concluding that her merits-related challenges to the 2019 ALJ Decision failed.

In assessing Brooks's Appointments Clause challenge, the district court resolved that the 2019 ALJ Decision was constitutionally sound because (1) ALJ Bright had — before the 2019 ALJ Decision — been properly appointed within the mandate of the Appointments Clause; (2) the Appeals Council's vacatur of the constitutionally infirm 2018 ALJ Decision on a merits-related issue eliminated any requirement to apply *Lucia*'s remedy of a remand to a different ALJ; and (3) in any event, the Supreme Court had specified in *Lucia* that it "[did] not hold that a new officer is required for every Appointments Clause violation." *See* Opinion 8 (quoting *Lucia*, 138 S. Ct. at 2055 n.5). Following entry of the final judgment, Brooks timely noticed this appeal. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Brooks presents the same contentions that she pressed in the district court against the 2019 ALJ Decision. Specifically, she contends that ALJ Bright failed to "explain the weight she gave to the conflicting testimony" provided by the competing vocational experts; that ALJ Bright neglected to consider Brooks's mental limitations in assessing her residual functional capacity; and that, because the 2018 ALJ Decision represented an unconstitutional rejection of Brooks's disability benefits claim that was not

8

cured as required by *Lucia*, the 2019 ALJ Decision contravened the Appointments Clause. *See* Br. of Appellant 10.[6]

In reviewing a Social Security disability determination, we afford no deference to a district court's decision and will instead uphold the ALJ's underlying determination so long as the ALJ applied the correct legal standards and the resulting conclusion is supported by substantial evidence. *See Bird v. Comm'r of Social Sec. Admin.*, 699 F.3d 337, 440 (4th Cir. 2012) (citing 42 U.S.C. § 405(g)). In these circumstances, however, we need not resolve the question of whether the 2019 ALJ Decision was supported by substantial evidence. As explained herein, that Decision is constitutionally infirm under *Lucia*. Without resolving the merits contentions, we are obliged to vacate the judgment and remand for Brooks's disability benefits claim to be returned to the Commissioner for a new and plenary hearing before a different and properly appointed ALJ.

---

[6] We observe that Brooks has cast her Appointments Clause appellate argument largely in terms of issue preservation and forfeiture, defending her ability to receive relief on the constitutional claim notwithstanding her failure to present it during the administrative proceedings. But as explained previously — and as the Commissioner concedes, *see* Br. of Appellee 20 — the Supreme Court has now ruled that Social Security claimants are not required to exhaust their Appointments Clause challenges before the Agency in order to pursue them in federal court. *See Carr v. Saul*, 141 S. Ct. 1352, 1356, 1360-61 (2021). In any event, Brooks has correctly explained that the Appointments Clause entitles her to a remand and a new and plenary hearing on her disability benefits claim. *See* Br. of Appellant 39, 42.

III.

A.

The Appointments Clause of Article II of the Constitution specifies that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Officers of the United States." *See* U.S. Const. art. II, § 2, cl. 2. Relevant here, the Clause goes on to provide that "the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." *Id.* Because the Appointments Clause acts to "preserve[] . . . the Constitution's structural integrity by preventing the diffusion of the appointment power," *see Ryder v. United States*, 515 U.S. 177, 182 (1995), "remedies with bite" should be applied to appointments that run afoul of the Clause's restrictions, *see Cody v. Kijakazi*, 48 F.4th 956, 960 (9th Cir. 2022).

In *Lucia v. SEC*, the Supreme Court held in June 2018 that the SEC's ALJs are "inferior Officers" under the Constitution, and that those ALJ positions are subject to the requirements of the Appointments Clause. *See* 138 S. Ct. 2044, 2055 (2018). That is so, the Court ruled, because the SEC's ALJs wield "extensive powers . . . comparable to that of a federal district judge conducting a bench trial," occupy "continuing office[s] established by law," and "exercis[e] significant authority pursuant to the laws of the United States." *Id.* at 2049, 2051, 2053 (citing *Freytag v. Comm'r*, 501 U.S. 868 (1991)). Accordingly, the *Lucia* Court ruled that the SEC's ALJs were required to be appointed by "the President alone," a "Court of Law," or a "Head of Department," and that a department head can include "the Commission itself." *Id.* at 2050. Although *Lucia* dealt specifically

10

with SEC ALJs, the Court's ruling on the Appointments Clause has been treated in subsequent decisions to apply broadly to ALJs in other executive department federal agencies. *See, e.g.*, *Carr v. Saul*, 141 S. Ct. 1352, 1357 (2021) (applying *Lucia* to judicial review of Appointments Clause challenges to decisions rendered by Agency ALJs).

The SEC ALJ at issue in *Lucia* had been selected by the SEC staff. Because that ALJ was not the sort of "non-officer employee" about whom "the Appointments Clause cares not a whit," the *Lucia* Court ruled that the ALJ's decision regarding compliance with the federal securities laws was in contravention of the Clause. *See* 138 S. Ct. at 2051. In turn, the Court determined that the "relief [that] follows" from a timely and valid Appointments Clause challenge is "a new hearing before a properly appointed official." *Id.* at 2055 (quoting *Ryder*, 515 U.S. at 182-83). Importantly, the Court specified that the "new hearing" that *Lucia* referenced could not be conducted by the same ALJ that had rendered the decision at issue — even if that ALJ "has by now received (or receives sometime in the future) a constitutional appointment" — because the initial ALJ "cannot be expected to consider the matter as though he ha[s] not adjudicated it before." *Id.*

Explaining its remedy, the Court in *Lucia* emphasized that "providing a successful litigant with a hearing before a new judge" not only serves the Appointments Clause's structural purposes, but also "create[s] incentives to raise Appointments Clause challenges," given that "the old judge would have no reason to think he did anything wrong on the merits . . . and so could be expected to reach all the same judgments," if the matter in dispute were returned to him. *See* 138 S. Ct. at 2055 n.5. At bottom, the Court made

11

plain that, "[t]o cure the constitutional error, another ALJ . . . must hold the new hearing to which [the claimant] is entitled." *Id.* at 2055.

B.

1.

a.

In this appeal, there is no dispute that the 2018 ALJ Decision denying Brooks's disability benefits claim was not constitutionally sound.  That is, ALJ Bright was improperly appointed to her post as an ALJ by the Agency staff.  But Brooks and the Commissioner have parted ways on the constitutional validity of the 2019 ALJ Decision, also rendered by ALJ Bright.  Brooks insists that, because she has not received the remedy prescribed by *Lucia* for the Appointments Clause violation that infected the 2018 ALJ Decision, the 2019 ALJ Decision was fatally "tainted" by its 2018 predecessor and is also a nullity.  In the circumstances, we are constrained to agree with Brooks.

The Commissioner, for her part, primarily counters by adopting the district court's conclusion that, because "[t]he only decision under review by this Court is the ALJ's April 2019 merits-based decision, which was made after the ALJ's appointment was ratified by the Acting Commissioner . . . [Brooks's] Appointments Clause objection fails."  *See* Opinion 8-9.  More specifically, the Commissioner argues that, because ALJ Bright's "appointment was ratified . . . before she issued the decision at issue in this appeal," there is no reversible constitutional error for us to correct.  *See* Br. of Appellee 20.  The Commissioner also asserts that the Appointments Clause infirmity of the 2018 ALJ

12

Decision is "of no moment," because it was later vacated by the Appeals Council. *Id.* at 21.

It is true that, when ALJ Bright filed her second denial of Brooks's disability benefits claim in April 2019, she had been properly appointed to her ALJ position by virtue of the Commissioner's 2018 ratification. And the 2019 ALJ Decision is the ruling now being challenged. But the Commissioner overlooks at least three important facts: (1) ALJ Bright denied Brooks's disability benefits claim in 2018 in contravention of the Appointments Clause; (2) the Supreme Court thereafter decided in *Lucia* that, "[t]o cure [that] constitutional error, another ALJ . . . must hold [a] new hearing," *see* 138 S. Ct. at 2055; and (3) Brooks has never been afforded the remedy specified by the *Lucia* Court. Although Brooks was accorded another hearing, the very same ALJ — ALJ Bright — presided and again denied Brooks's claim by way of the 2019 ALJ Decision.

In that regard, this appeal bears striking similarities to the Ninth Circuit's recent decision in *Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022). There, an Agency ALJ denied Cody's claim for Social Security benefits in September 2017 — well before the Commissioner's 2018 ratification and in violation of the Appointments Clause. In September 2018, following the *Lucia* decision and the Commissioner's ratification, Cody sought review of the ALJ's ruling in federal court, but did not raise an Appointments Clause challenge. The district court granted relief to Cody, vacating the ALJ's ruling on an evidentiary issue. On remand, the Appeals Council returned Cody's benefits claim to the same ALJ — who in 2019 again denied Cody's claim. Cody then returned to the district court, raising both merits and Appointments Clause challenges to the ALJ's 2019 decision.

13

The district court nevertheless affirmed, denying Cody's Appointments Clause claim "because the 2017 decision had been vacated and [the ALJ] was properly appointed when she issued the 2019 decision." *Id.* at 960. In other words, the district court in Cody's case applied the same erroneous reasoning as the district court in this case.

The Ninth Circuit vacated the district court's *Cody* decision in 2022, however, and it remanded Cody's claim to the Agency, directing that "[t]he Commissioner should . . . assign a *different*, validly appointed ALJ to rehear and adjudicate Cody's case de novo." *See* 48 F.4th at 963 (emphasis in original). The court of appeals decision emphasized that an Appointments Clause violation is "no mere technicality or quaint formality — it weakens our constitutional design." *Id.* at 960. After assessing the rationale and requirements of the Supreme Court's *Lucia* decision, the Ninth Circuit ruled that the Agency ALJ's "2017 decision tainted the post-ratification 2019 decision." *Id.* at 962. Although its decision recognized that the Agency ALJ in *Cody* had been properly appointed when she denied Cody's claim in 2019, the court of appeals explained explicitly that, "because the same ALJ issued both decisions, Cody did not receive what *Lucia* requires: an adjudication untainted by an Appointments Clause violation." *Id.*

Put simply, the *Cody* decision is practically on all-fours, and there is no reason for us to reach a different conclusion and thus create a circuit split. Given that ALJ Bright "lacked constitutional authority to do [her] job" with respect to Brooks's disability benefits claim in 2018, *see Lucia*, 138 S. Ct. at 2050 — and because Brooks never received the requisite remedy — the constitutional error committed in 2018 was a continuing violation that infected ALJ Bright's 2019 adjudication of the same claim. And the *Lucia* decision

14

explains that claimants (like Brooks) are entitled to relief from any "adjudication tainted with an appointments violation." *See* 138 S. Ct. at 2055. The district court, for its part, concluded that there was no such blight on the 2019 ALJ Decision because "[t]he ALJ was properly appointed during the entire administrative adjudication that this Court is reviewing." *See* Opinion 9. But the "entire administrative adjudication" necessarily included the flawed 2018 ALJ Decision and, pursuant to *Lucia*, ALJ Bright could not thereafter properly rule on Brooks's disability benefits claim.

b.

Seeking to bolster the argument that ALJ Bright could properly review and again resolve Brooks's case in 2019, the Commissioner also explains that, because Brooks did not raise an Appointments Clause challenge in her administrative appeal, the Appeals Council was under no obligation to send the case to a new ALJ when it vacated the 2018 ALJ Decision. We take no issue with that proposition. And, to be clear, we do not rule that the Appeals Council had a *sua sponte* obligation to raise the Appointments Clause issue on Brooks's behalf.

What we reject, however, is the Commissioner's representation that "there is no reason that Brooks is entitled to the special remedy of a hearing before a new ALJ, which is reserved as an incentive for those who flag uncorrected defects in the agency proceeding." *See* Br. of Appellee 23. As we see it, Brooks did properly flag the Appointments Clause defect — raising the issue in the district court — and the Supreme Court settled that very question in her favor in the *Carr* decision. *See* 141 S. Ct. at 1356; *see also supra* note 6. Pursuant to *Carr*, Brooks "ma[de] a timely challenge to the

15

constitutional validity of the appointment of [the] officer who adjudicate[d] [her] case," and she is therefore "entitled to [the] relief" established by *Lucia*. *See* 138 S. Ct. at 2055.

2.

The Commissioner separately maintains — again adhering to the reasoning of the district court — that *Lucia*'s remedy of a new hearing before a different ALJ is unnecessary and irrelevant in these circumstances, in that the Appeals Council actually vacated the 2018 ALJ Decision on a merits-based issue. As the Opinion explained, the Supreme Court fashioned the *Lucia* remedy in part "to create incentives to raise Appointments Clause challenges," recognizing that if a constitutionally infirm ALJ decision were returned to the same adjudicator, "the old judge would have no reason to think he did anything wrong on the merits, and so could be expected to reach all the same judgments." *See* 138 S. Ct. at 2055 n.5. That being so, the Commissioner maintains that the Appeals Council rendered *Lucia*'s remedy inapplicable by affirmatively advising ALJ Bright "that something was substantively wrong in her prior decision" (regarding the first vocational expert's testimony as to Brooks's transferable job skills). *See* Br. of Appellee 21.

This alternative contention falls flat for at least two sound reasons. First, the Appeals Council's merits-based vacatur simply is not relevant to Brooks's Appointments Clause challenge. To be sure, the *Lucia* decision identified the aforementioned "incentivization" rationale as the general basis for its chosen remedy, but it did not carve out any exception to the remedy's necessity for the situation where a constitutionally infirm ALJ decision has been vacated on a merits-related issue. To the contrary, the Court ruled — in no uncertain terms — that "[t]o cure the constitutional error, another ALJ . . . must

16

hold the new hearing to which [the claimant] is entitled." *See* 138 S. Ct. at 2055. Put differently, where an improperly appointed ALJ decides a claim in contravention of the Appointments Clause, the structural constitutional error will remain in place unless and until a different, properly appointed ALJ assesses and resolves the claim. And, as Brooks persuasively argues, it would border on absurd to ignore a patent constitutional violation (and the remedy developed therefor) because of evidentiary defects in the constitutionally flawed proceedings. As the Ninth Circuit aptly put it, an Appointments Clause violation is "no mere technicality or quaint formality" that can so easily be overlooked, in that such a violation "weakens our constitutional design." *See Cody*, 48 F.4th at 960.

The Commissioner's position also fails because the Appeals Council's merits-related vacatur of the 2018 ALJ Decision does not fully eliminate the problem identified by the *Lucia* Court that, on remand, the same ALJ would be hard pressed to "consider the matter as though [she] had not adjudicated it before." *See* 138 S. Ct. at 2055. Because ALJ Bright had already heard and decided the merits of Brooks's disability benefits claim, a strong possibility remained that she would resolve the issue identified by the Appeals Council and, in the end, simply make the same ruling. And that is precisely what happened here. ALJ Bright received new vocational evidence in the 2019 hearing, opted not to rest her decision on the issue of Brooks's transferable job skills (instead resolving that Brooks could perform her past relevant work), and again denied Brooks's disability benefits claim.

17

The nature of the Appeals Council's vacatur in this case, in other words, does little to undermine the "incentivizing" purpose of *Lucia*'s remedy.[7]

\* \* \*

At bottom, the *Lucia* decision controls our resolution of this appeal. The Supreme Court made clear that if an ALJ makes a ruling absent a proper constitutional appointment, and if the claimant interposes a timely Appointments Clause challenge, the appropriate remedy is for the claim to be reheard before a new decisionmaker. Brooks did not receive that remedy. The Appointments Clause violation as to Brooks was thus not cured, and the 2019 ALJ Decision was likewise rendered in contravention of that Clause. Faithful to the Supreme Court's *Lucia*'s mandate, we are obliged to vacate and remand.

IV.

Pursuant to the foregoing, we vacate the judgment of the district court and remand for the return of Brooks's disability benefits claim to the Commissioner for a new and plenary hearing before a different and properly appointed ALJ.

*VACATED AND REMANDED*

---

[7] Although the Commissioner does not argue the point, the district court explained that *Lucia*'s new hearing and new ALJ assignment was not necessary in Brooks's case because the Supreme Court had not framed the remedy as "a bright-line rule." *See* Opinion 8. The court deemed it significant that "[t]he *Lucia* Court explicitly acknowledged that it 'do[es] not hold that a new officer is required for every Appointments Clause violation.'" *Id.* But the Supreme Court in *Lucia* explained that it could "give [the] remedy here because other ALJs (and the [SEC]) are available to hear this case on remand" and that the remedy would be unavailable only if "there is no substitute decisionmaker." *See* 138 S. Ct. at 2055 n.5. Nothing in this record indicates that "no substitute decisionmaker" is available to rehear Brooks's disability benefits claim. Accordingly, we recognize that this point has properly been abandoned by the Commissioner.