*Nersten v. O'Malley, Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-four.**

**PRESENT:**
> **GUIDO CALABRESI,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

---

**Keith J. Nersten,**

> *Plaintiff-Appellant,*

> **v.**                                                   **23-1036**

**Martin O'Malley, Commissioner of Social Security,**

> *Defendant-Appellee.\**

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | DANIEL A. OSBORN, Osborn Law, P.C., New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | OONA PETERSON, Special Assistant United States Attorney (Charles J. Kawas, Acting Associate General Counsel, *on the brief*), Social Security Administration, Baltimore, |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

MD, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Keith J. Nersten initially applied for Social Security Disability Insurance on June 22, 2011, about a year and a half after he was injured. He was first denied benefits on September 16, 2011. He filed a request for a hearing before an Administrative Law Judge ("ALJ"), which he received in December 2012. After several years of proceedings not relevant to this appeal, Nersten had another hearing before a different ALJ in January 2017. The ALJ found Nersten not disabled, but the Appeals Council vacated that decision on the merits and remanded for further proceedings in February 2018. Nersten had a new hearing before the same ALJ in March 2019, and the ALJ again denied him benefits. Nersten appealed again to the Appeals Council, which did not respond. He then sued the Commissioner of Social Security in the Eastern District of New York. Nersten now appeals the district court's May 10, 2023 order granting the Commissioner's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Nersten first argues that the ALJ erred in determining that his post-traumatic stress disorder ("PTSD") is non-severe and by failing to account for his PTSD when assessing his residual functional capacity under 20 C.F.R. § 404.1520.

"In reviewing an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion to determine whether the ALJ's decision was supported by substantial evidence." *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022) (cleaned up). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo*, 31 F.4th at 74 (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)).

Substantial evidence supports the ALJ's determination that Nersten's PTSD presented no limitations to his work activities during the relevant period. Nersten filed a function report with his application for benefits that reported no mental limitations. And a consulting psychologist, David Lefkowitz, submitted a report stating that Nersten had no restrictions on his work-related activities other than "moderate" "hygiene issues." Administrative Record, *Nersten v. Saul, Comm'r of Soc. Sec.*, No. 19-cv-05695-RPK (E.D.N.Y. Jan. 6, 2020), ECF No. 9 ("R.") at 1487. Substantial evidence also supports the ALJ's decision to accord the parts of Lefkowitz's report that were more favorable to Nersten "little weight" because those opinions were at odds with

Lefkowitz's "essentially normal mental status examination." *Id.* at 410. And substantial evidence supports these decisions with or without Joseph Carver's expert opinion, which Nersten argues was based on an incomplete record.

Next, the record does not support Nersten's claim that the ALJ failed to consider his PTSD in assessing his residual functional capacity. The ALJ stated that his "residual functional capacity assessment reflects the degree of limitation the undersigned has found in the . . . mental function analysis." *Id.* Nersten's PTSD did not impact the residual functional capacity assessment because the ALJ determined that it created no relevant workplace limitations for Nersten, not because the ALJ failed to consider it.

Finally, Nersten argues that the 2019 decision violated the Appointments Clause of the U.S. Constitution on the theory that the ALJ's appointment was invalid at the time of the 2017 decision. Nersten failed to preserve this argument below because he did not raise it until after the district court had rendered a decision on his motion. *See, e.g.*, *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 83 (2d Cir. 2023) ("As a general rule, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." (internal quotation marks omitted)). We thus review this argument for plain error. *See United States v. Donzinger*, 38 F.4th 290, 302–03 (2d Cir. 2022) (applying plain error review to an Appointments Clause challenge that appellant did not raise below).

To satisfy the plain-error standard, Nersten must show that any error was "clear or obvious" or that "the ruling was contrary to law that was clearly established by the time of the appeal." *Id.* at 303 (internal quotation marks omitted). But we have never held that a decision issued by a properly appointed ALJ necessarily violates the Appointments Clause whenever that ALJ issued

4

a prior decision in the same case before receiving a proper appointment. Indeed, the courts of appeals are split on this very issue. *Compare Cody v. Kijakazi*, 48 F.4th 956, 961–63 (9th Cir. 2022), *and Brooks v. Kijakazi*, 60 F.4th 735, 741–44 (4th Cir. 2023), *with Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1269–73 (11th Cir. 2024). Nersten thus cannot show plain error.

We have considered the remainder of Nersten's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court